Hello. Hello. Can you hear us? Yes, I can, sir. This is Danos Kallas. May I proceed with the statement? Please proceed. Thank you. I participate without waiving existing positions and objections. The purpose of this litigation is to get the American people served. As spelled out previous to the submission of any answer by appellee, all United States citizens have a personal patriotic stake in the future of their homeland and their fellow citizens as firmly embedded in the Second Amendment, even if they are not personally at risk. And unlike the courts in Sullivan that recognize an abstract, conjectural, and unproven spiritual stake, and Lujan that recognized a cognizant interest in aesthetics, this case is based on blatantly obvious, undisputed real-life problems of the American people, where there is presumed ongoing concrete, direct, and or consequential harm to sane, for which I have already provided sufficient initial remedies awaiting compulsory du jour relief. Courts look to the nature of the litigation, which in this case is gratis, pro se, Second Amendment, public interest safety litigation, safety valve litigation. Waiver, disclaimer, and this disposal of self-interest should be interpreted in light of this, with it being obvious that compulsory du jour substantive resolution has not been waived. And unlike United States Female Juvenile, my objections to the R&R were already a foregone conclusion with a timely response from neither the court, sui sponte, nor appellee. Moreover, there are no standing alone gratis citizens in any of the cases cited by appellee with no indication of venue waiver, participation waiver, or the disposal of self-interest, just self-interested citizens and or entities and or gangs of citizens. Appellee raises raised judicata, where the prior case did not set precedent, yet then I was met with resistance when I returned to finish getting the ball into the end zone, after leaving a reasonably long period of time, because the issues were not subsequently cured, because no one else picked up the ball despite their ethical duties to act, and similar to FLRB that held it a judgment in an antitrust suit does not preclude a later suit based on essentially the same course of wrongful conduct where the conduct in the second suit post-stated the judgment, and LAWLA that cited a public interest in the vigilant enforcement of the antitrust laws through the instrumentality of the private tribal damages action, there is a public interest in the vigilant enforcement of equal protection and due process laws through the instrumentality of a public Second Amendment action, and nonetheless raised judicata should not bar relief for the American people in the absence of the material substantive rebuttal that does not exist because it would result in the deprivation of the people's relief. It is not okay to deny relief to the citizenry, whether or not the litigant individually prevails or loses, and irrespective of whether the motive is selfish or selfless. In either case, and in simple terms, the court should say, now that you mentioned it, we'll give the people their win. As to a more proactive and preemptive United States Supreme Court, that part of the ball has evidently already made it into the end zone, as indicated by a novel recent proactive and preemptive announcement by the United States Supreme Court pertaining to coronavirus, presuming that this will become a somewhat common, when needed, practice. This was at least three wins in one for the American people because it brings the people swifter relief, improves judicial economy, and adds fluidity to the judicial system. The only thing left to amend in this action pertains to the post-judgment or post-announcement further fine-tuning of the universally unconfessed substantive remedies to further equal protection, due process, and civil peace, and the future second amendment petition format for citizens to protect or defend their homeland when the branches have failed to sufficiently serve the nation, where gratis pro se standing alone citizens can step up to the plate, subject to preconditions, burdens, and deterrence, and limitations on remedies to get the job done. This thankfully sparked by the district court and developed superfluously during this present case. With the integrity of the other branches being torn to shreds by a groundless pursuit of impeachment and a groundless election contest, for examples, the judicial branch has the opportunity to restore some integrity to the federal government and government in general, in this case and others. As this kind of action requires fearlessness, one might quote FDR who said that the only thing we have to fear is fear itself, but I believe that the only thing we have to fear and the only thing I truly fear is our failure to sufficiently protect and defend our homeland. Thank you, sir. Thank you, sir. Okay. I take it your position is that you do not have to show that you personally suffered such an injury in the court. Usually in federal court, you have, we have to consider, when we consider a lawsuit, we ask that the litigants show that the litigants suffered a concrete and particularized injury, but I take it that that's not your position. Well, I think, oh, I'm sorry, sir. Correct me if I'm wrong. It's actually either or. In other words, what I'm saying is that people that are injured can bring selfish actions and, you know, a personal stake essentially selfish, but in this case, it's all about selflessness. It's not about me. It's about getting the people served where the branches have failed and nobody can say that there was any kind of surprise. There's no element of surprise. There's no, I would just say the courts use another term. This is nothing out of the blue. And what I'm saying is that the people need a safety valve. This is when, as we see through the failures of the branches and also where through the documents, you'll see how I explain how the branches have failed to serve the interests of the people in so many other circumstances, where the safety valve also serves another purpose. It serves the purpose of, one, filling in the voids that the other branches haven't filled in. And it serves the purpose also, which actually came to my mind in analyzing this case, the present case, not just a need for the safety valve, but the ability for the courts in entertaining in a very strict, stringent and limited way. We don't want to open up a floodgate if you read through the documents. It enables the court to say, listen, citizens, we gave you a second amendment right to peacefully exercise in the federal courts. And because we gave you this, we're going to offset it with now what we would consider to be reasonably sufficient gun control laws, which don't exist. And hopefully that would be in the form of nationwide uniform gun control laws with no independent state grounds. This would enable our society to become less violent and have our citizens proceed in peaceful, constructive fashion before the courts. So there is a lot going on in this case. And as to particularized injury, imminent injury, I don't know immediate or imminent harm. It's there somewhere, whether it's direct concrete injury or whether it's consequential injury, because as we know, this stuff spills all over society. And what happened at the Capitol is quite disappointing, this recent event. But I foresee, as I saw many things that are in the paperwork going back almost a decade, that this is going to spiral out of control. You've answered. Yes, sir. You've responded to the question. Do any of my colleagues have any further questions? No questions. No, that's fine. We'll now hear from your adversary. And then, Mr. Kalas, you'll have one minute for rebuttal. Mr. Grieco. Thank you. Good morning, Your Honors. Matthew Grieco on behalf of the Commissioner of Justice. I'm happy to answer any questions about this appeal. I'm happy to answer them. Otherwise, we will rest on our brief. No questions from me. Okay. Can I serve the court or the American people in any other way before this is concluded? You have one minute in rebuttal, but you don't have to. Well, I can use that minute to answer any further questions from the court. And I believe I've covered all the bases even previous to this oral argument. I appreciate everybody's time, as you probably already know. Don't forget that the focus of this case should be the interest of the American people. That should be the focus. None of the other prior cases really bring us to that point. There are some others that I've looked at. I also wanted to say that we should open up the safety valve to juveniles as well, with special considerations, rules, burdens, etc. This way we can raise our patriots young. If there's anything else, I'm there. Let me know. Okay. Thank you both for your arguments. The court will reserve decision. The final case, United States v. Wizaref, is on submission. And with that, the clerk will adjourn court. Court stands adjourned.